**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| MARTIN FLOREANI, | ) | |
| CHRISTINA FLOREANI, and | ) | |
| CHARLENE FLOREANI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 2023-0684-LM |
| | ) | |
| FLOSPORTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ADDENDUM TO POST-TRIAL FINAL REPORT ADDRESSING PLAINTIFFS' REQUEST FOR DISCOVERY AND LEAVE TO FILE A MOTION FOR ATTORNEYS' FEES AND COSTS**

WHEREAS:

A.    On April 12, 2024, Plaintiffs filed a Notice of Exceptions to my Post-Trial Final Report (the "Notice"), issued April 9, 2024.[1]

B.    In the Notice, Plaintiffs' state that they "take exception with the Report not addressing Plaintiffs' requests related to attorneys' fees and discovery in advance of a motion for attorneys' fees."[2]

C.    On April 15, 2024, I filed a letter to counsel, staying the exceptions pending my addendum report on the request.[3]

---

[1] Docket Item ("D.I") 59.

[2] D. I. 60.

[3] D. I. 62.

NOW, THEREFORE, IT IS HEREBY ORDERED, this 25th day of April, 2024, as follows:

1.    The request is GRANTED in part and DENIED in part.

2.    Delaware generally follows the American Rule that each party bears their own fees and costs.[4]  An equitable exception permits fee shifting for bad faith litigation tactics.[5]  Bad faith is applied in "extraordinary circumstances" applying the "glaringly egregious standard" to a parties' conduct when considering fee-shifting.[6] This court has found bad faith where the defendant's conduct forced the plaintiff to file suit to secure a clearly defined right.[7]  This court has also dictated that "overly aggressive" litigation strategies which serve to obstruct a § 220 plaintiff's clear statutory rights may warrant fee shifting under the bad-faith exception to the American Rule.[8]

3.    In its pre-trial brief, Plaintiffs request discovery into bad faith and leave to file a motion for attorneys' fees.  Specifically, Plaintiff seeks discovery of Defendant's communications regarding it's "refusal to satisfy the Plaintiffs' Section

---

[4]  *McNeil v. McNeil,* 798 A.2d 503, 514 (Del. 2002).

[5]  *Rice v. Herrigan-Ferro*, 2004 WL 1587563, at *1 (Del. Ch. July 12, 2004).

[6] *Pettry v. Gilead Scis.*, Inc., 2020 WL 6870461, at *29 (Del. Ch. Nov. 24, 2020), judgment entered, (Del. Ch. 2020).

[7] *McGowan v. Empress Ent. Inc.*, 791 A.2d 1, 4 (Del. Ch. 2000).

[8] *Dearing v. Mixmax, Inc.*, 2023 WL 2632476, at *5 (Del.Ch. Mar. 23, 2023).

220 demands... ."[9]    Plaintiffs allege that Defendant has engaged in "overly aggressive defense campaigns" with "massive resistance."[10] Plaintiff cites excessive discovery in this action with sixty-seven individual document requests across two sets of requests for production of documents, thirty-nine interrogatories across two sets of interrogatories, two depositions; specific forensic email discovery requiring twenty-four search terms totaling 131,637 emails; bad faith in opposing counsel's behavior during a plaintiff's deposition; and a suspiciously timed grant of Plaintiff Martin Floreani's request to transfer his shares in FloSports from MMF (where he was the principal and MMF was named in the original complaint), to his individual name—the approval lead to an Amended Complaint which was ultimately challenged.[11]

4.      While the allegations may warrant a credible basis for fee shifting, I am not going to allow additional discovery. The "glaringly egregious" standard for bad faith contradicts the notion that Plaintiffs' need discovery of Defendant's internal communications regarding its initial refusal of the demand, to support Plaintiff's motion for attorneys' fees. Moreover, I find discovery has been sufficient to uncover the needs of this summary proceeding.

---

[9] D. I. 60.

[10] Pl. Pre-trial Br. at 15 (D. I. 47).

[11] *Id*. at 15-16.

5.     Accordingly, Plaintiffs' request for discovery into the Defendant's internal communications regarding the denial of the Section 220 demands is DENIED. For reasons discussed above, fee shifting may be appropriate here. Plaintiffs request for leave to file a motion for attorneys' fees and costs is GRANTED. Plaintiff is permitted to move for costs and attorneys' fees within 30 days of the final report becoming an Order of the Court.

6.     In light of the Defendant's Notice of Exceptions to the Post-Trial Final Report,[12] the 30 days is stayed pending the final resolution of the Defendant's exceptions.

7.     This is a final report.  Exceptions may be taken within three business days pursuant to Court of Chancery Rule 144 (d)(2).[13]

**IT IS SO ORDERED.**

/s/ Loren Mitchell
Loren Mitchell
Magistrate in Chancery

---

[12] D.I. 61.

[13] *See* Ct. Ch. R. 144(d)(2) ("In actions that are summary in nature or in which the Court has ordered expedited proceedings, any party taking exception shall file a notice of exceptions within three days of the date of the report.").